### BANK OF CAMDEN v. THOMPSON.

1. CALENDARS—TRIAL—CODE, 276.—A case placed on Calendars "1" or "2" fourteen days before any session of court, stands ready for trial at that or any subsequent term without any further notice—construing sec. 276, Code.

2. COMPLAINT—DOCKETING FOR TRIAL—CODE, 276.—An endorsement on back of a complaint in foreclosure, "Complaint for foreclosure of real estate," "Cal. 2," sufficiently discloses the issue for the purposes of docketing for trial—construing sec. 276, Code; and the endorsement, "Cal. 2," by the deputy clerk, at the request of plaintiff's attorney, and in his presence, is the endorsement of the attorney.

3. MASTER—REFERENCE—ACCOUNTING—REV. STAT., 847.—Under sec. 847 of Rev. Stat. a master has authority to order and hold a reference for the purpose of taking an accounting in a case pending in his county.

4. IBID.—IBID.—REV. STAT., 849—WITNESS.—Under sec. 849, Rev. Stat., a master may take the testimony in writing of any witness produced in "a cause in which equitable relief is demanded, pending and at issue in his county," and the testimony of such witness, in such a cause, so taken by him, upon notice to the adverse party, who made no attempt to require the personal attendance and *viva voce* examination of such witness at the hearing, may be used by the Circuit Judge on trial.

Before WITHERSPOON, J., Camden.    Affirmed.

Action in foreclosure by the Bank of Camden against Mattie D. Thompson.    Judgment for plaintiff.    Defendant appeals.

*Messrs. Woods & Shipp* and *J. D. Kennedy*, for appellant.

*Mr. W. M. Shannon*, contra.

March 30, 1896.  The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an action to foreclose a mortgage on real estate, and the points of controversy here are as to the docketing of the cause, and as to the power of the master to take the testimony upon which the decree of foreclosure was based.    The summons was served May 14, 1895, the complaint was filed in the clerk's office May 20, 1895, and within due time the answer was served.  The

complaint contained the allegations usual and appropriate in ordinary suits of foreclosure, claiming as due on note and mortgage $500, with interest from November 6, 1894, whereas the note described was for $500, with interest from November 3, 1893. The answer simply denied any knowledge or information sufficient to form a belief as to the allegations of the complaint. On the 5th day of July, 1895, on motion of plaintiff's attorney, the master of Kershaw County granted an order for a reference to be heard before himself July 22, 1895, "for the purpose of taking testimony in an accounting between the plaintiff and the defendant, as to the amount due by defendant to plaintiff on the mortgage and note set out in the complaint." It was further provided in the order that ten days notice of the reference be given the defendant's attorneys by serving a copy of the order. A copy of this order was duly served on defendant's attorneys July 6, 1895, and on the 22d day of July, pursuant to the order and notice, the master held a reference, took testimony tending to establish the allegation of the complaint, and to the effect that nothing had been paid on the principal of the note, but that the interest thereon had been paid up to November 6, 1894. The master made his report the following day, and with the report filed the testimony taken by him. No one attended the reference in behalf of the defendant, but within proper time after the filing of the master's report, the defendant's attorneys served notice of exceptions to the "order of reference," the "reference" held thereunder, and the "report of the master," and gave notice that upon the call of the case they would move the Court of Common Pleas to declare the same void, and to set the same aside, on the ground "that the master was without jurisdiction to pass said order of reference, to hold said reference thereunder, or to make any report in said cause; the said cause never having been referred to the master, and the defendant never having consented to the same." The case was docketed by the clerk on Calendar 2, at least fourteen days before the September

term, 1895, at which term it was heard.　On the calling of the case for hearing, the defendant's attorneys objected to the hearing of the case on the ground that the same was not properly on the calendar.　It appeared from an inspection of the record that the complaint had printed on the back of same these words: "Complaint for foreclosure of real property," and the words "Cal. 2," written thereon; and it was shown that the deputy clerk of the court had written the words "Cal. 2" on the back of the complaint in the presence and at the request of plaintiff's attorney.　The objection was that the complaint was not endorsed "with the nature of the issue and the calendar upon which the same shall be placed," as required by section 276 of the Code of Civil Procedure.　The Circuit Court overruled the objection, holding that the endorsements were sufficient to work a compliance with said section 276, and that the case was properly docketed.　The case was ordered to trial, when defendant's attorney raised the question as to the jurisdiction of the master to pass the order of reference, to take the testimony, and report thereon.　The Circuit Court held that the master had not exceeded his authority, and upon the testimony taken and reported by the master, no other testimony being offered, confirmed the report of the master, and made decree for foreclosure and sale.

The defendant appeals on a number of exceptions (nine), but concedes in argument here that there are practically but two questions raised: 1. Was the case properly docketed?　2. Had the master jurisdiction to hold and order the reference?

As to the question of docketing.　Section 276 of the Code of Civil Procedure provides that "in all issues to be tried by the court or a jury, the plaintiff shall, at least fourteen days before court, file in the clerk's office the summons and complaint in the cause, endorsing thereon the nature of the issue and the number of the calendar upon which same shall be placed; * * * and the clerk shall thereupon place said cause upon its appropriate calendar, and it shall stand for trial without any

further notice of trial or notice of issue." After making provision for three calendars, this same section provides: "Upon Calendar 2 shall be placed all cases to be passed upon by the court, including all motions and rules to show cause." It is then further provided that "the clerk of the court, within twenty days after every adjournment of the Court of Common Pleas, shall carry forward on Calendars 1 and 2, for hearing at the next term, all causes not finally disposed of at the preceding term, and shall enter in regular order all subsequent causes duly filed and endorsed as above provided." The scheme of the Code of Civil Procedure in this section evidently is, that in lieu of formal notice of trial, cases shall be docketed on their appropriate calendars as soon as filed and endorsed as required, and, if so docketed at least fourteen days before court, they stand for hearing at the ensuing term of court, without other notice. The filing and endorsing are prerequisite for docketing, but the docketing fourteen days before court is the notice of trial. Any one interested, by consulting the dockets or calendars of the court, open to his inspection, may know at least fourteen days before court what causes stand for trial, and need not be taken by surprise. While the endorsement provided for seems to be a prerequisite for docketing, yet the provision is largely for the help and guidance of the clerk in placing the case upon appropriate calendars, and a substantial compliance with the requirements is all that is necessary. In the case at bar, the summons and complaint were duly filed, and the case was docketed on its appropriate calendar, at least fourteen days before court. The endorsement of the words, "Cal. 2," by the deputy clerk, at the request and in the presence of the attorney for plaintiff, is the same as if done by the plaintiff. The words, "Complaint for foreclosure of real property," printed on the back of the complaint, in connection with the words "Cal. 2," in the light of the statute requiring all cases to be passed upon by the court to be placed on Calendar 2, sufficiently

disclosed the nature of the issue for the purpose intended. It was an issue in equity—foreclosure of a mortgage on real property—to be tried by the court. The nature of the issue was as apparent from the endorsement made as it would have been had the endorsement been: "Issues of law and fact for the court." In *Threatt* v. *Mining Co.*, 42 S. C., 94, this Court held the endorsement of the words, "Issues of fact for a jury—docket No. 1," was a compliance with the provisions under consideration. There was a substantial compliance with the act in question, and there was no error in the ruling of the Court below on this point.

As to the question of the master's authority to hold the reference, "Take the testimony and report the same to the Circuit Court," section 847 Rev. St. 1893, provides as follows: "Each master, within his county, in all causes praying equitable relief, shall have power to hear all motions, of course, and to make orders thereon; to extend the time to answer or demur; to grant leave to amend pleadings and to make new parties; to appoint guardians *ad litem* for infants, and to grant all · orders necessary for the service by publication of absent defendants. He shall also have power to make orders of reference of matters of account, reserving all the equities of the parties, and may grant all such orders of an interlocutory character as may be necessary to prepare such causes for a hearing on the merits. But all such orders shall be subject to the revision of the presiding Judge at the next succeeding sitting of the court, or of the resident Circuit Judge at chambers." This was a cause in which equitable relief was prayed for. The master ordered the reference "for the purpose of taking testimony in an accounting" between plaintiff and defendant as to the amount due by defendant to plaintiff on the note and mortgage set out in the complaint. The evidence taken by the master was confined to the proof of plaintiff's claim against the defendant, and the proof of payment thereon made by the defendant, showing the remainder due plaintiff after deducting payments.

This was clearly a "matter of account," and the master did not exceed his authority in ordering and holding the reference.

Furthermore, section 849, Rev. St. 1893, provides that: "He [the master] shall, upon the application of either party to any cause or proceeding in which equitable relief is demanded, pending and at issue in his county, take in writing the testimony of any witness who may be produced before him by any party to the cause, ten days notice of such application having been given to the opposite party, such witness being subject to the same rights of examination, cross-examination, and reply, and the same exceptions as to the admissibility of testimony as are allowed by law upon examination before the court; except that in case any testimony be objected to, the master shall receive the same subject to exceptions, reporting the exceptions in his ruling thereon. The deposition so taken may be read in evidence at the hearing, subject to the right of either party, upon good cause shown, to require a personal attendance and *viva voce* examination of the witness at the hearing." The defendant had filed his answer before the 5th day of July, 1895, the date of the master's order of reference to take testimony. This, therefore, was "a cause in which equitable relief was demanded, pending and at issue in the master's county," when he took in writing the testimony of the witnesses produced, and due notice had been given to the defendant of such examination. No exception was made to this testimony, except as to the master's power to take it, and no attempt or request was made to require the personal attendance and *viva voce* examination of the witnesses at the hearing. The Circuit Court had the right, under the circumstances, to have read the testimony or deposition so taken, and without other testimony, no other being offered, to make the decree of foreclosure. Exceptions overruled.

The judgment of the Circuit Court is affirmed.